UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23144-GAYLES

VICTOR GALBIS AND MARTHA TRUJILLO,
    Plaintiffs,

v.

PRAETORIAN INSURANCE COMPANY,
    Defendant.
_____/

# ORDER

**THIS CAUSE** comes before the Court on Victor Galbis and Martha Trujillo's ("Plaintiffs") Amended Motion for Remand for Lack of Subject Matter Jurisdiction and for Sanctions Pursuant to 28 U.S.C. § 1447(c) ("Motion"), filed on August 17, 2018. [ECF No. 12]. The Court has considered the Motion and the record, and is otherwise fully advised. Because the Court finds that Defendant Praetorian Insurance Company cannot establish that the amount in controversy exceeds the requisite jurisdictional amount, the Motion is granted.

## I. BACKGROUND

According to the allegations set forth in the Complaint and Notice of Removal, Plaintiffs had an insurance policy with Defendant. Plaintiffs paid premiums on the policy through July 2014, when the property sustained direct physical damages. On May 15, 2018, after Defendant denied coverage under the insurance policy, Plaintiffs filed a breach of insurance contract action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

On August 2, 2018, Defendant removed this action to federal court. [ECF No. 1]. The basis of removal was a post-suit demand email from Plaintiffs sent on August 1, 2018. [ECF No.

1-3]. Plaintiffs' demand was for $77,500.00, "inclusive of attorney's fees and costs." [*Id.*] On August 17, 2018, Plaintiffs filed their Amended Motion for Remand, attaching a sworn proof of loss of $62,475.82 to demonstrate that the damages could not exceed $75,000. [ECF No. 12-1].

## II.  LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

But if there is a dispute regarding the amount in controversy, the burden rests on the Defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," *e.g.*, because the amount-in-controversy requirement has not been satisfied, "the case shall be remanded." 28 U.S.C. § 1447(c). The Court must construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

### III. DISCUSSION

To establish diversity jurisdiction, Defendant must demonstrate complete diversity between the parties[1] and that the amount in controversy exceeds $75,000, "exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiffs dispute that Defendant has met its burden of plausibly demonstrating that Plaintiffs' claim exceeds $75,000 exclusive of interest and costs.[2] In their Motion, Plaintiffs argue that Defendant cannot satisfy the amount in controversy because Defendant failed to inquire what portion of the demand was attributable to costs and interest, as opposed to attorney's fees and Plaintiffs' damages. Defendant counters that Plaintiffs' demand demonstrates that the jurisdictional limit is exceeded because it represents the total sum of what Plaintiffs want.

Although a demand can suffice to show the amount in controversy, it must be supported by evidence that clearly shows that a plaintiff's claim exceeds the jurisdictional amount set forth in the statute "exclusive of interest and costs." 28 U.S.C. § 1332(a); *see, e.g.*, *Plotkin v. Target Corp.*, No. 15-CV-62427, 2016 WL 1752815, at *1 (S.D. Fla. May 3, 2016) (noting that Defendant had "provided evidence," including a pre-suit settlement offer, to establish the amount in controversy). Defendants can demonstrate that the jurisdictional amount is met by submitting supporting documentation—affidavits, discovery filings, or other correspondence between the parties. *E.g.*, *Musser v. Walmart Stores E., L.P.*, No. 16-CV-62231, 2017 WL 1337477, at *2–3

---

[1] There is no dispute that diversity of citizenship is satisfied: Defendant is a Pennsylvania corporation with its principal address in New York while Plaintiffs are citizens of Florida.

[2] To the extent there is any argument between the parties over Defendant's burden of proof, the Court agrees that Defendant need only demonstrate by a preponderance of the evidence that the statutory limit is met. *See Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1363 (M.D. Fla. 1998) ("Here, Plaintiff's *ad damnum* clause does not specify any dollar amount, it merely makes a general demand for certain types of relief. Therefore, Plaintiff has made an unspecified demand for damages and Defendant's burden is to prove the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence.").

(S.D. Fla. Apr. 12, 2017) (demand letter provided "ample information from which to estimate the amount in controversy" because it laid out specific medical expenses). But where demand letters reflect only "'puffing and posturing' without providing 'specific information to support plaintiff's claim for damages,' they do not establish the requisite amount in controversy." *Lengyeltoti v. Starbucks Coffee Co. & Dart Container Corp.*, No. 16-CV-60213, 2016 WL 10953065, at *1 (S.D. Fla. May 18, 2016) (citing *Boyd v. The Northern Trust Co.*, No. 8:15-cv-2928, 2016 WL 640529 (M.D. Fla. Feb. 18, 2016)) (remand was required where plaintiff did not attach any additional evidence or documentation).

Attorney's fees as calculated at the time of removal may be included in the amount in controversy. *See Hannat v. USAA Gen. Indem. Co.*, No. 17-CV-21754, 2017 WL 4712667, at *2–3 (S.D. Fla. Oct. 19, 2017) (noting that "the Eleventh Circuit has held that the amount in controversy must exceed $75,000 at the time of removal" and "only attorney's fees incurred prior to removal count toward the amount in controversy"). The Court may use its reason and experience when considering how much reasonable attorney's fees would be at the time of removal. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

Here, Defendant has not met its burden of showing with "specific information" that the jurisdictional limit is met.[3] *Lengyeltoti*, 2016 WL 10953065, at *1. Plaintiffs emailed Defendant a demand of "77,500.00, inclusive of attorney's fees and costs." [ECF No.1-3]. Plaintiffs' email contained no supporting attachments detailing the amount of attorney's fees, costs, or the ultimate award to Plaintiffs. None of the other exhibits attached to the Notice of Removal clearly establish that the amount of controversy exceeds $75,000 independent of any costs. And it is not clear that the attorney's fees as calculated at time of removal pushed the amount in controversy

---

[3] The Court notes that the award of attorney's fees is in dispute. Defendant has separately argued that Plaintiffs are not entitled to attorney's fees. [ECF No. 8, at 13].

past the jurisdictional limit. Plaintiffs' demand included both costs *and* attorney's fees and was for barely more than $75,000. Further, the exhibits reflect that Plaintiffs' maximum damages do not exceed the sworn proof of loss, $62,475.82. [ECF No. 12-1].

Under these facts, the Court finds that Plaintiffs' demand letter does not qualify as "other paper" consistent with the statute. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). The Court cannot determine whether Plaintiff is "merely puffing or posturing" without specific, ascertainable evidence of its claim for damages. Accordingly, this cause shall be remanded to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

The Court has also considered whether Plaintiffs are entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While Plaintiffs' post-suit demand was an insufficient basis to remove this action from state court, the same demand gave Defendant an objectively reasonable basis to do so. Therefore, Plaintiffs' request for attorney's fees and costs is denied.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand [ECF No. 12] is **GRANTED**. This action is **REMANDED** in its entirety to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**IT IS FURTHER ORDERED** that the Plaintiff's request for an award of attorney's fees, costs, and sanctions pursuant to 28 U.S.C. § 1447(c), is **DENIED**.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE